TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Assistant United States Attorney
Chief, Criminal Division
JASON C. PANG (Cal. Bar No. 296043)
Assistant United States Attorney
Deputy Chief, Transnational Organized Crime Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2652
Facsimile: (213) 894-0141
E-mail: Jason.Pang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY SPENCER,<br><br>Defendant. | No. 2:25-cr-00545-AB<br><br><u>GOVERNMENT'S SENTENCING POSITION FOR JEFFREY SPENCER</u><br><br>Hearing Date: July 24, 2026<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom of the Hon. Andre Birotte Jr. |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Jason C. Pang, hereby files its Sentencing Position.

///

///

///

This Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 2, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Assistant United States Attorney
Chief, Criminal Division

/s/
JASON C. PANG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On October 15, 2025, defendant Jeffrey Spencer pled guilty pursuant to a preindictment plea agreement to one count of Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371, for his role in facilitating a bidrigging scheme with his sister, codefendant Christy Evereklian, to secure electronic equipment bids for Evereklian from the Federal Bureau of Investigation ("FBI") in Los Angeles.

The Presentence Investigation Report ("PSR") calculates a total offense level of 11 and criminal history category I, resulting in a guidelines range of 8 to 14 months in Zone B. The USPO recommends a sentence of probation, a fine of $20,000, and a special assessment of $100. (Dkt. 57.) For the reasons below, the government concurs with USPO's recommendation.

## II. STATEMENT OF FACTS

On October 15, 2025, defendant pled guilty to the sole count of the information pursuant to a plea agreement. Defendant admitted as follows:

> At times relevant to this Plea Agreement, defendant was the lead electronics technician for the Los Angeles Field Office of the Federal Bureau of Investigation ("FBI"), located in Los Angeles, California, within the Central District of California. Co-defendant Christy Evereklian was defendant's sister and an owner of Maximum Media 37 LLC, a company in Carlsbad, California; Platinum Digital Media Corp., a company in Temecula, California; and San Diego Repair Center, a company with locations in Carlsbad, California, and San Diego, California (collectively, "the EVEREKLIAN companies"). The EVEREKLIAN companies sold electronic equipment. Co-defendant Evereklian was the signatory for Maximum Media 37 LLC and Platinum Digital Media Corp. in the United States General Services Administration's System for Award Management ("SAM"), which requires vendors to annually register and provide information about their procurement and financial

transactions to federal agencies. Co-defendant Evereklian certified in SAM that all offers made by Maximum Media 37 LLC and Platinum Digital Media Corp. to federal agencies, including the FBI, were made "independently" and without "any consultation, communication, or agreement with any other offeror or Competitor" relating to prices, the intention to submit an offer, and the methods or factors used to calculate the prices offered. Co-defendant Evereklian also certified that all offers made by Maximum Media 37 LLC and Platinum Digital Media Corp. had not been disclosed to "any other offerer or competitor" before a contract award, and that no offers were made "for the purpose of restricting competition."

Beginning no later than in or about August 2015, and continuing through at least August 2020, defendant and co-defendant Evereklian knowingly and willfully conspired with one another and others to defraud the United States, namely, the FBI, by impeding, impairing, obstructing, and defeating the lawful government functions of the FBI with respect to solicitation of competitive bids for electronic equipment by deceitful and dishonest means.

Specifically, as the lead electronics technician for the Los Angeles Field Office of the FBI, defendant would solicit bids to supply electronic equipment to the FBI from the EVEREKLIAN companies. Defendant knew that his sister, co-defendant Evereklian, had a financial interest in the EVEREKLIAN companies, and defendant never obtained a written conflict-of-interest waiver from the FBI relating to his solicitation of bids from companies owned by co-defendant Evereklian.

In addition, as defendant knew from his trainings as an FBI procurement officer, the FBI is required to obtain independent and competitive bids for certain purchases pursuant to the Federal Acquisition Regulation. Defendant would seek bids from the EVEREKLIAN companies for electronic equipment sought by the FBI, knowing that co-defendant Evereklian was an owner of all the EVEREKLIAN companies. Defendant and co-defendant Evereklian would designate which of the EVEREKLIAN companies would submit the lowest, and therefore the winning, bid for the contract. Defendant and co-defendant Evereklian would also conspire and agree to submit non-competitive bids on the same electronic equipment contract from the other EVEREKLIAN companies with the intent to deceive the FBI and other FBI procurement officers into believing that all three bids were independent and competitive when, in fact, the bids had been unlawfully coordinated in advance.

For example, August 25, 2020, co-defendant Evereklian submitted a bid on behalf of Maximum Media 37 LLC to supply electronic equipment to the FBI for the total amount of $39,999.99. Co-defendant Evereklian signed the email bid

with the name of her relative, M.E., when, in fact, as both defendant and co-defendant Evereklian knew, M.E. did not create the bid and did not submit the bid. That same day, as both defendant and co-defendant Evereklian knew and agreed, co-defendant Evereklian submitted non-competitive bids on the same electronic equipment contract on behalf of Platinum Digital Media and San Diego Repair Center. Co-defendant Evereklian used a random number generator to create those fraudulent bids.

During the conspiracy, the EVEREKLIAN companies won at least $350,000 in contracts from the FBI.

## III. GUIDELINES CALCULATIONS

The PSR calculated the guidelines range as follows:

- Base Offense Level: 14
- Abuse of Trust: +2
- Acceptance of Responsibility: -3
- Zero Point Offender: -2
- Total Offense Level: 11

With a criminal history category of I, the resulting guidelines range is 8 to 14 months.[1] The USPO recommends a three-year term of probation, a fine of $20,000, and a special assessment of $100.

## IV. GOVERNMENT'S SENTENCING RECOMMENDATION

Consistent with the Probation Officer's recommendation, the government respectfully recommends that the Court impose a sentence of three years of probation, a fine of $20,000, and a special assessment of $100.

The recommended sentence for this felony conviction reflects the seriousness of defendant's crime, namely, taking advantage of his position of trust to defraud the government of competitive bids on behalf of a relative, and promote respect for the rule of law. Further, the government concurs with the Probation Officer's analysis

[1] This falls within Zone B. See USSG 5C1.1.

of defendant's financial status and determination that a $20,000 fine is appropriate. Given that this was a financial crime of opportunity, a significant monetary fine would further deter defendant and others similarly situated from committing similar crimes in the future.

These concerns must be balanced against the significant mitigating factors in this case, particularly defendant's early acceptance of responsibility, lack of criminal history, and other mitigating matters. (PSR ¶¶ 61-90.) All of these mitigating factors support the probation recommendation, and further indicate that the likelihood of a recurrence of criminal conduct by defendant is low.

## V. CONCLUSION

For the reasons stated above and in accordance with the Plea Agreement, the government respectfully requests that the Court impose a sentence of three years of probation, a mandatory special assessment of $100, and a fine of $20,000.